UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD DANIEL LORD,

          Petitioner,

vs.                                          Case No.   3:22-cv-172-BJD-PDB
                                                   3:16-cr-145-BJD-PDB

UNITED STATES OF AMERICA,

          Respondent.

_____

### **ORDER**

## I.  INTRODUCTION

On February 8, 2022 pursuant to the mailbox rule, Petitioner Richard Daniel Lord filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Civ. Doc. 1, initial motion).[1]   He is proceeding on a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civ. Doc. 5, § 2255 Motion).   He pleaded guilty to one count of knowing receipt of child pornography.   (Crim. Doc. 34, Judgment).

_____

[1]  Citations to the record in the civil § 2255 case, No. 3:22-cv-172-BJD-PDB, will be denoted "Civ. Doc. __."   Citations to the record in the underlying criminal case, United States vs. Richard Daniel Lord, No. 3:16-cr-145-BJD-PDB, will be denoted "Crim. Doc. __."

Petitioner raises four grounds in the § 2255 Motion: (1) unreasonable search and seizure; (2) criminal coercion; (3) unlawful access to stored communications ("Agent MacDonald allegedly illegally accesses federal court records targeting my 3/29/2017 sentencing hearing transcript."); and (4) deprivation of due process and recklessness under 18 USCS § 242.   (Civ. Doc. 5, § 2255 Motion at 4-6, 8).   Under the supporting facts and law provided for the fourth ground, Petitioner states:

> Agent MacDonald allegedly proceeded to alter said record of 3/29/2017 sentencing hearing, removing large and significant portions of discussions testimony key facts I said in my "Statement of Mercy" and even an opinion, the entire opinion, issued by the Honorable sentencing Judge Brian J[.] Davis in the opening statement and reiterated after expert test[i]mony before sentencing, replacing much of what was lost with an unsubstan[t]iated narrative degrading my character among inserts of irrelevant and sometimes non-sequitur conversation strings. (see transcript discrepancies)[.]

Id. at 8 (footnote omitted).   In the footnote, he adds: "Also possibly changing the after-incarceration parameters of my sentence."

The United States has responded in opposition (Civ. Doc. 8, Motion to Dismiss), asserting the § 2255 Motion is time-barred and due to be dismissed as untimely.   Petitioner filed a reply (Civ. Doc. 9, Reply), a memorandum (Civ. Doc. 10, Memorandum), and an addendum to reply (Civ. Doc. 11, Addendum).

He has also filed a motion to request evidentiary hearing (Civ. Doc. 12, Motion for Evidentiary Hearing) with a supporting memorandum (Civ. Doc. 13, Memorandum for Evidentiary Hearing) and a motion of disclosure (Civ. Doc. 17, Motion of Disclosure).

In his Reply (Civ. Doc. 9 at 2), Petitioner argues that his § 2255 Motion should not be time-barred because his contention that the alleged hacking of his sentencing record could have occurred after the one-year limitation period expired.   He does not elaborate on this contention.   He generally complains that it was difficult to exercise due diligence while being confined and labeled a sex offender.   <u>Id</u>.   He notes that he was restricted from using e-mail, and he could not afford to pay for phone calls or to purchase transcripts until he received stimulus funds.   <u>Id</u>. at 2-3.

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings,[2] the Court has considered the need for an evidentiary hearing and determines that a hearing is unnecessary to resolve the motion. <u>See</u> <u>Rosin v. United States</u>, 786 F.3d 873, 877 (11th Cir.) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts

---

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief), cert. denied, 577 U.S. 959 (2015).[3]   Thus, Petitioner's motion for an evidentiary hearing (Civ. Doc. 12, Motion for Evidentiary Hearing) is due to be denied.

Petitioner filed a motion of disclosure (Civ. Doc. 17, Motion of Disclosure), notifying the Court that he has been contacted by an FBI agent and apparently asking for an expeditious ruling and legal advice.   The Court will not provide legal advice and declines to do so.   As such, the motion of disclosure (Civ. Doc. 17, Motion of Disclosure) is due to be denied.   As the case is ripe for a decision, the Court will proceed to consider the Motion to Dismiss.

## II.   BACKGROUND

On October 12, 2016, a federal grand jury returned a one-count Indictment against Petitioner, charging him with knowing receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).   (Crim. Doc. 15, Indictment).   On December 28, 2016, at a change-of-plea proceeding before the Honorable Patricia D. Barksdale, Petitioner entered a plea of guilty to count

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited when the Court finds them persuasive on a particular point.   See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

one of the Indictment without benefit of a plea agreement.   (Crim. Doc. 24, Clerk's Minutes).   Judge Barksdale, on December 28, 2016, entered a report and recommendation, noting she found the plea intelligently, knowingly, and voluntarily made, and that the facts that Petitioner admitted established the elements of the charged offense.   (Crim. Doc. 27, Report and Recommendation Concerning Guilty Plea).   Judge Barksdale recommended that the Court accept the plea and adjudicate Petitioner guilty of count one of the Indictment. Id.   The parties waived the 14-day period to object.   See id.

During the plea colloquy on December 28, 2016, the Court reviewed, and Petitioner acknowledged, the charge, the elements of the offense, and the minimum and maximum penalties he faced.   (Crim. Doc. 40, Transcript Change of Plea at 12-15).   The Court apprised Petitioner of the sentencing process, including the application of the United States Sentencing Guidelines in his case.   Id. at 15-18.   Petitioner pled guilty.   Id. at 18.   The Court referenced the United States' submission of its notice (Crim. Doc. 26, Notice of Maximum Penalties, Elements of Offense, Personalization of Elements, and Factual Basis).   (Crim. Doc. 40 at 18).   Petitioner admitted that the facts as provided in the factual basis were true.   Id.   He went on to admit the essential facts.   Id. at 20-21.   Thereafter, the Court found a factual basis for the plea.   Id. at 21.   Petitioner confirmed that he was pleading guilty because

he is guilty.   <u>Id</u>.   The Court reminded Petitioner that the range could be from 5 years to life.   <u>Id</u>. at 22.   Petitioner confirmed that he understood that range. <u>Id</u>.

On March 29, 2017, the Court sentenced Petitioner to a sentence at the bottom end of the applicable guideline range, 87 months' imprisonment, to be followed by a life term of supervised release.   (Crim Doc. 33, Clerk's Minutes), (Crim Doc. 34, Judgment).   Petitioner did not take a direct appeal.   In his § 2255 Motion, Petitioner contends, "allegedly" an FBI agent unlawfully altered the March 2017 sentencing transcript.   (Crim Doc. 5 at 6-7).

## III.   TIMELINESS

Respondent asserts the Petition is untimely.   (Civ. Doc. 8 at 4).   Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner may move to vacate, set aside, or correct his sentence within a one-year period of limitation.   28 U.S.C. § 2255(f).   The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. "Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017) (quoting 28 U.S.C. § 2255(f)(1)), cert. denied, 139 S. Ct. 1168 (2019).   Thus, the alternative trigger dates under §§ 2255(f)(2)-(4) tend to be the exception.

Petitioner, the § 2255 movant, "bears the burden to prove the claims in his § 2255 motion." Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir.), cert. denied, 577 U.S. 917 (2015); see also Beeman, 871 F.3d at 1221-22. Moreover, a § 2255 movant is not entitled to a hearing, much less relief, "when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted), cert. denied, 502 U.S. 1105 (1992).

Review of the record shows Petitioner failed to comply with the limitation period described above.   The Court entered judgment on March 31, 2017.   (Crim. Doc. 34, Judgment).   Petitioner did not file a notice of appeal.

As such, Petitioner's conviction and sentence became final on Monday, April 17, 2017, when the 14-day period to file a notice of appeal expired.[4]  See Fed. R. App. P. 4(b)(1)(A); Faulk v. United States, No. 5:18-cv-314-Oc-36PRL, 2020 WL 7490040, at *1 n.2 (M.D. Fla. Dec. 21, 2020) (slip) (quoting Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) ("when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires")).  Almost five years later, Petitioner filed his initial § 2255 motion (Civ. Doc. 1 at 3) on February 8, 2022, and the § 2255 Motion (Civ. Doc. 5 at 12) on March 9, 2022.

In his § 2255 Motion (Civ. Doc. 5 at 8), Petitioner makes a sweeping allegation that Agent MacDonald "allegedly proceeded to alter" the record of the March 29, 2017 sentencing hearing.  This allegation is entirely unsupported as how or why an FBI agent would or could alter a sentencing transcript, especially a transcript of a proceeding that resulted in the sentencing of someone who had pled guilty and admitted to the elements of the offense.  Furthermore, an allegation that a sentencing transcript was altered years after the proceeding does not support any contention that the Court

---

[4] Respondent's calculation is incorrect as the government calculates the 14-day period from the sentencing date, not the date of judgment.  (Crim Doc. 8 at 5).  See Fed. R. App. P. 4(b)(1)(A).  The 14th day fell on Saturday, April 15, 2017; therefore, the appeal period expired on Monday, April 17, 2017.  See Rule 6(a)(1), Fed. R. Civ. P.

would have imposed a lesser sentence or altered the conditions of the sentence at the time of the sentencing proceeding.

The record shows the sentencing transcript (Civ. Doc. 41, Transcript of Sentencing) contains the Certificate of the Court's Official Court Reporter: "I hereby certify that the foregoing transcript is a true and correct computer-aided transcription of my **stenotype notes taken at the time and place indicated therein**." Id. at 52 (emphasis added). The record shows the Court Reporter's stenotype notes were taken at the Court's sentencing proceeding on March 29, 2017, starting at 10:07 a.m. Id. at 1, 3. Since the proceedings were reported by stenography, the allegation that the agent altered the "transcript" by removing large and significant portions of it and replacing it with a different narrative is not only highly speculative it is entirely unsupported, and these contentions, in the face of the record, are palpably incredible. The Transcript of Sentencing is a transcription of the Court Reporter's stenotype notes taken on the day of the proceeding and certified by the Court's Official Court Reporter as true and correct.

Presumably, Petitioner may have been under the impression that the Court Reporter only made a tape recording of the proceeding, but that is not the case. Under these circumstances, Petitioner's allegations of the elimination of some of the sentencing testimony and the replacement of

testimony with an opportunistic narrative is fantastical.   (Civ. Doc. 9, Reply at 18).   The fact that Petitioner has no recollection of the special conditions being pronounced does not signify the transcript has been corrupted.   <u>Id</u>. at 19.   Rather, it shows Petitioner's memory is selective, deficient or has simply faded with the passage of time.

Upon review, the transcript does include Petitioner's statement that he did it on purpose as he needed help.   (Civ. Doc. 41 at 14-15).   It also includes his statement that he wants to wipe child pornography off of the Internet and elsewhere.   <u>Id</u>. at 15.   The United States asked for a sentence of 108 months and that Petitioner be placed on a term of lifetime supervised release.   <u>Id</u>. at 43.   The Court announced that it was going to impose a guideline sentence, "consistent with not only the guidelines recommendations but the complexity of the history and behavior that Mr. Lord has engaged in."   <u>Id</u>. at 45.   The Court expressed its concern, "focused on his behavior at that point in time when he returns to live among us and, more importantly, among our children." <u>Id</u>.   As such, the Court ordered that Petitioner be committed to the custody of the Bureau of Prisons for a term of 87 months and directed, upon his release, Petitioner would serve a life term of supervised release.   <u>Id</u>. at 46.

Next, the Court provided a detailed explanation of the special conditions.[5]   Id. at 46-49.   The Court then ordered that Petitioner pay to the United States a $100 special assessment.   Id. at 50.   The Court advised Petitioner of his right to appeal within 14 days and to counsel on appeal.   Id. At the conclusion of the proceeding, the following transpired:

> THE COURT:   Mr. Lord, I hope that the complexities that resulted in your being here will get resolved during your lifetime and that you will accept the supervision of the government as we go forward in a manner that will assure the safety of our children in this community and that will cause you not to have to appear in court again as a violator of the laws we all share.
>
> THE DEFENDANT:   Yes, Your Honor.   I'll make sure that I'll never have to come back here on this matter again.

Id. at 51.

## A.   Discussion

Petitioner's § 2255 Motion does not show that a government impediment prevented Petitioner from timely filing.   28 U.S.C. § 2255(f)(2).   Further,

---

[5] The Clerk's Minutes (Crim. Doc. 33) are consistent with the Court's pronouncement at sentencing, further confirming to this Court that Petitioner's allegations of corruption are palpably incredible and patently frivolous.   Not only do the minutes show the special assessment of $100 the minutes also include the special conditions of supervised release.   Id. The minutes also reflect that the Court advised Petitioner of his right to appeal and to counsel on appeal.   Id.

Petitioner does not rely on a newly recognized right by the United States Supreme Court to excuse his untimeliness under 28 U.S.C. § 2255(f)(3).

Because § 2255(f) "is a garden-variety statute of limitations, and not a jurisdictional bar," Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam), a court "may equitably toll the statute of limitations if the inmate untimely filed due to extraordinary circumstances outside of his control and unavoidable with diligence," Mims v. United States, 758 F. App'x 890, 892 (11th Cir. 2019) (citing Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002) (per curiam)). Section 2255(f)(4) provides one year to file a § 2255 motion from the date on which facts supporting the claim "*could have been* discovered through the exercise of due diligence, not when they were *actually* discovered." Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002) (emphasis in original). "Further, a showing of actual innocence provides an exception to the time-bar under AEDPA." Mims, 758 F. App'x at 892 (citing McQuiggin v. Perkins, 569 U.S. 383, 386, 394-95 (2013)).

Petitioner claims his incarceration proved difficult on the best of days, he was short of funds, and he was proceeding without counsel. These allegations do not support a finding that equitable tolling is appropriate in this case. "The *petitioner* has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond

his control and unavoidable even with diligence' prevented filing the petition on time." <u>Jones</u>, 304 F.3d at 1040 (emphasis in original) (quoting <u>Atkins v. United States</u>, 204 F.3d 1086, 1090 (11th Cir. 2000)).   Indeed, the onus is on Petitioner to show why he did not timely file his § 2255 motion.

Upon review, these are not extraordinary circumstances.   Rather, these are very ordinary circumstances of an incarcerated individual.   Lack of counsel is the norm for § 2255 movants challenging a non-capital sentence, yet the vast majority of pro se movants manage to file their motions within AEDPA's one-year limitation period.   Similarly, "a lack of knowledge of the law is not in any way rare, and is probably the rule rather than exception among prisoners[.]" <u>Fonseca v. McNeil</u>, No. 08-80777-CIV, 2009 WL 196095, at *5 (S.D. Fla. Jan. 27, 2009) (not reported in F.Supp.2d).   Still, pro se litigants "are deemed to know of the one-year statute of limitations," <u>Outler v. United States</u>, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) (per curiam), and the Eleventh Circuit has "not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion," <u>Perez v. Fla.</u>, 519 F. App'x 995, 997 (11th Cir. 2013) (per curiam) (citing <u>Rivers v. United States</u>, 416 F.3d 1319, 1323 (11th Cir. 2005) (per curiam)).   As such, Petitioner's allegations do not establish that he is entitled to equitable tolling

of § 2255(f)'s one-year statute of limitations as Petitioner's status as an unskilled, incarcerated layperson does not excuse the delay.

Petitioner seemingly suggests that the Court failed to fully inform him of the conditions of his supervised release, including the special conditions. (Civ. Doc. 9 at 19).   Not only were these special conditions pronounced at the sentencing proceeding these stated conditions were included in the Judgment (Crim. Doc. 34, Judgment in a Criminal Case) and served on Petitioner with the Judgment (Crim. Doc. 36, Judgment, served April 13, 2017).   The Court also advised Petitioner that he had the right to appeal, and he had 14 days to do so.   (Crim Doc. 41 at 50).

Petitioner has alleged no circumstances warranting the application of equitable tolling.   He has not shown that he pursued his rights with reasonable diligence.   Additionally, he has not shown that the untimely filing of the § 2255 Motion should be contributed to circumstances beyond his control.

Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him.   He had ample time to prepare and file a timely § 2255 motion.   He has not shown sufficient extraordinary circumstances stood in his way and prevented him from timely filing a § 2255 motion.   Furthermore, he has not shown he exercised due diligence.

14

The actual innocence exception affords Petitioner no relief from the statute of limitations either. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (citation omitted). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" McQuiggin, 569 U.S. at 399 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "To be credible," a claim of actual innocence "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup, 513 U.S. at 324.

Petitioner does not assert, nor does he demonstrate that he has new evidence establishing actual innocence. See McQuiggin. Indeed, Petitioner does not claim actual innocence and he has made no attempt to make a credible showing of actual innocence by offering new evidence that is directly probative of his innocence, like new exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. Therefore, he has failed to demonstrate he has new evidence establish actual innocence.

Upon review, Petitioner has not offered any new reliable evidence of innocence.   The record shows Petitioner pled guilty to the offense as charged in count one of the Indictment stating he understood the elements of the crime and he admitted the facts as true.   (Crim. Doc. 40 at 12-13, 18-19, 20-21).   As such, Magistrate Judge Barksdale found a factual basis for the plea and recommended the acceptance of the plea.   Id. at 21.   The Court accepted the plea of guilty to Count One of the Indictment and adjudged Petitioner guilty of the offense.   (Crim. Doc. 29, Acceptance of Plea of Guilty, Adjudication of Guilt, and Notice of Sentencing).

"[T]he representations of the defendant, his lawyer, and the prosecutor at [ a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).   Given that Petitioner's admissions at the plea colloquy were made under oath, "he bears a heavy burden to show his statements were false."   United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) (per curiam).   Given the state of the law and the facts admitted by Petitioner, he has failed to establish that he qualifies for the actual innocence exception.

Because Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him, he is not

excused from complying with the time constraints for filing a § 2255 motion. Accordingly, Petitioner's § 2255 Motion is untimely, and Petitioner has failed to show that he can avoid the statute of limitations under the equitable tolling or actual innocence exception.   As such, and in accordance with the Rules Governing 2255 Cases in the United States District Courts, it is hereby **ORDERED:**

1.    United States' Motion to Dismiss Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 8) is **GRANTED**.

2.    Petitioner's Motion for Evidentiary Hearing (Civ. Doc. 12) is **DENIED**.

3.    Petitioner's Motion of Disclosure (Civ. Doc. 17) is **DENIED**.

4.    Petitioner Richard Daniel Lord's Motion Under 28 U.S.C. § 2555 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 5) is **DISMISSED WITH PREJUDICE** as untimely.

5.    The **Clerk** is directed to enter judgment in favor of the United States and against Petitioner Lord, and close the file.

6.     If Petitioner Lord appeals this Order, **the Court denies a certificate of appealability**.[6]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of April, 2023.

_____

BRIAN J. DAVIS
United States District Judge

sa 4/24
c:
Richard Daniel Lord
Counsel of Record

---

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.